## FOURTH DEPARTMENT, JANUARY, 1967

## (January 12, 1967)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS FINO, Appellant.— Appeal held, decision reserved and matter remitted to Erie County Court for further proceedings in accordance with the memorandum herein. Memorandum: Appellants have been convicted following trial of violations of sections 986-b (possession of book-making records) and 812 (attempt to destroy evidence) of the Penal Law. Pretrial motions were made to suppress certain evidence seized pursuant to a search warrant. The order denying these motions is presented for review on this appeal. It was revealed by one of the affidavits upon which the search warrant was issued that certain telephone conversations (set forth verbatim) had been intercepted pursuant to authority granted by a court order (Code Crim. Pro., § 813-a). Upon the main trial defense counsel were denied the right to examine and make use of the intercept order and the papers upon which it was based. After the conclusion of the trial *People* v. *McCall* (17 N Y 2d 152) was decided. In the light of the holdings therein the denial of defendants' application to examine the intercept order and supporting papers was error. Appellants contend that this error mandates a reversal of the judgments. We conclude, however, that the preferable procedure is to remand the action to the trial court for a hearing, (cf. *People* v. *McDonnell,* 18 N Y 2d 509) prior to which there should be made available to defendants copies of the intercept order of July 9, 1964 and all relevant papers upon which it was based. Thereafter, a determination should be made as to the validity of the intercept order in the light of *People* v. *McCall,* (*supra*) and other applicable decisions. If it should be determined that such order was invalid then further consideration should be given and a determination made as to what extent, if any, this may have infected the validity of the search warrant. (Cf. *People* v. *Rodriguez,* 11 N Y 2d 279, 286.) (Appeal from judgment of Erie County Court convicting defendant of violation of sections 986-b and 812 of the Penal Law.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS MAURO, Appellant.— Appeal held, decision reserved and matter remitted to Erie County Court for further proceedings in accordance with the Memorandum in *People* v. *Fino* (27 A D 2d 689). (Appeal from judgment of Erie County Court convicting defendant of violation of sections 986-b and 812 of the Penal Law.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH VELOCCI, Appellant.— Appeal held, decision reserved and matter remitted to Erie County Court for further proceedings in accordance with the Memorandum in *People* v. *Fino* (27 A D 2d 689). (Appeal from judgment of Erie County Court convicting defendant of violation of sections 986-b and 812 of the Penal Law.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ RETA C. WHITCOMB, as Administratrix of the Estate of HANNA E. DICKIE, Deceased, Appellant, v. RUTH L. DICKIE, Individually and as Executrix of EVERETT B. DICKIE, Deceased, Respondent.— Judgment unanimously affirmed, without costs of this appeal to either party. Memorandum: We affirm, not only because the 1952 conveyance was not in violation of the Debtor and Creditor Law since the grantor was not insolvent then nor rendered insolvent thereby as held by the court below, but also for the additional reason that the action to set aside that conveyance was barred by the Statute of Limitations. Furthermore, fair consideration was given for the 1952 conveyance as well as for